**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Walter H. Williams, | : | |
| | : | Civil Action No. 15-6112(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Administrator, Hope Hall,[1] | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

**I.   BACKGROUND**

This matter comes before the Court upon Petitioner's submission of a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.)[2] Petitioner is a state prisoner confined in a halfway house, Hope Hall, in Camden, New Jersey. (Id. at 1.) Pursuant to Rule 4 of the Rules Governing Section

---

[1] "If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state *officer* who has custody." Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (emphasis added). Therefore, the Court substitutes the Administrator of Hope Hall as the respondent in this matter.

[2] Petitioner paid the $5.00 filing fee for a Petition for a Writ of Habeas Corpus. See 28 U.S.C. § 1914. His application for in forma pauperis status is moot. (ECF No. 1-1.)

1

2254 Cases in the United States District Courts, this Court must examine the petition and, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, dismiss the petition and direct the Clerk to notify the petitioner.

On April 9, 2012, Petitioner was convicted by a jury in the Superior Court of New Jersey, Law Division, Atlantic County, of third degree eluding in violation of N.J.S.A. 2C:29-2b, and fourth-degree resisting arrest, N.J.S.A. 2C:29-2a(2). (Pet., ECF No. 1 at 1); State v. Williams, Indictment No. 10-10-2363, 2013 WL 6800051, at *1 (N.J. Super. Ct. App. Div. Dec. 26, 2013). Petitioner was sentenced to six years imprisonment with three years parole ineligibility. Id.

On direct appeal, Petitioner raised the following issues: (1) the repeated references to Defendant's outstanding arrest warrants and other bad acts denied the defendant a fair trial; (2) the trial court improperly permitted the prosecutor to suggest that the defendant had the burden of proving his alibi defense; (3) in summation, the prosecutor improperly vouched for the credibility of state witnesses; and (4) the trial court's misapplication of Aggravating Factor Eight and improper determination as to the propriety of an extended term of imprisonment resulted in an excessive sentence. State v. Williams, 2013 WL 6800051, at *1. The Appellate Division

affirmed Petitioner's conviction and sentence, and the New Jersey Supreme Court denied certification. Id. at *2-12, cert. denied, 218 N.J. 276 (N.J. July 10, 2014).

In the present petition, Petitioner asserts the following ground(s) for relief:

> The Petitioner made numerous attempts to notifying the Public Defender's Office – Appellate Section and the designated counselor on behalf of the Public Defender's office for the Petitioner's on his direct appeal process, in regards to the misidentification profile; that trooper Brian Davern pulled and familiarized himself with approximately 19 days, from September 17, 2009 to October 6, 2009, with no reasonable suspicion or probable cause to pursue the Petitioner. The Petitioner addressed and forwarded this material evidence of clear and convincing exculpatory nature to the Public Defender's Office and the designated counselor on the Petitioner's direct appeal to be addressed to the Appellate Court. This showed factual proof that the trooper Brian Davern did not know who eluded him nor could he prove the Petitioner was the perpetrator of the crime for the adversarial judicial process to commence. The misidentification profile was log in and assessed with the tag on the Petitioner's wife's vehicle by trooper Brian Davern on the day of October 6, 2009, prior to eluding incident. Which was directly and indirectly in the trial record and in the prosecutor's possession at trial, nevertheless, withheld prior to trial from the municipal court, the grand jury, the Petitioner, and the trial court. This exculpatory evidence withheld clearly negated the Petitioner of the crime and nullified trooper Brian Davern's statements of knowledge and possession of the Petitioner's personal profile and active

>municipal warrants, lack probable cause to pursue. As well as, trooper Brian Davern fabricating incriminating statements-evidence that implicated the Petitioner as the perpetrator of the crime of eluding on October 6, 2009, in order to establish probable cause to arrest the Petitioner.

(Pet., ECF No. 1 at 6.) Petitioner alleged this conduct violated his federal constitutional rights and federal law. (Id. at 7.)

**II.  ANALYSIS**

28 U.S.C. § 2254 provides in relevant part:

>(a) . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
>(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>>(A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>>(B)(i) there is an absence of available State corrective process; or
>>
>>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>. . .
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the

4

>    law of the State to raise, by any available
>    procedure, the question presented.

Petitioner acknowledges he has not exhausted his state remedies on his federal habeas claims. (Pet., ECF No. 3 at 8.) In explanation, Petitioner stated:

>    In the petitioner's direct appeal process,
>    he has experienced being denied, deprived,
>    and hindered opportunity to file a pro-se
>    supplemental brief and motion for
>    supplementation of Administrative records,
>    in order to adduce the exculpatory evidence.

(Id.) In further explanation, Petitioner asserted the trial court, at sentencing, failed to inform him of his right to post-conviction relief and/or state or federal habeas relief. (Id.) Petitioner contended his state remedies are procedurally defaulted "due to the neglect to address the issues most relevant by the party on behalf of the Petitioner" (id.), which the Court construes to allege appellate counsel provided Petitioner ineffective assistance by failing to raise these issues on direct appeal. Petitioner contends his state remedies are "a waste of time upon procedural default." (Id. at 9.)

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "To exhaust, a petitioner in the custody of the State of New Jersey must present his federal claims to the Law Division, the Appellate Division, and in a petition for certification filed in

5

the New Jersey Supreme Court." Ravenell v. Brown, No. Civ. 05-5454(FLW), 2006 WL 995534, at *2 (D.N.J. Apr. 11, 2006) (citing Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993)).

"The exhaustion rule requires applicants to 'fairly present' federal claims to state courts before bringing them in federal court." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 275 (1971); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)). A petitioner must present the factual and legal substance of the claim in a manner that puts the state court on notice that a federal claim is being presented, allowing the court an opportunity to apply controlling legal principles bearing on the constitutional claim. Picard, 404 U.S. at 276-77. Importantly, "a claim of ineffective assistance," generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (quoting Murray v. Carrier 477 U.S. 478, 489 (1986)).

Petitioner concedes his claim is unexhausted but he contends exhaustion is "a waste of time" because his claim is procedurally defaulted. A claim is procedurally defaulted when state law clearly forecloses review. Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002). "[U]nless a state court decision

exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

Here, there is no state court decision indicating that Petitioner is precluded from state court relief. Failure to exhaust may also be excused under 28 U.S.C. § 2254(b)(1)(B)(i), (ii) where "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)).

Petitioner's failure to exhaust is not excused under these provisions because nothing presented to this Court suggests that New Jersey's appellate review procedures, including post-conviction review of claims for ineffective assistance of appellate counsel, are inadequate to adjudicate his federal claims.

**III. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made where reasonable jurists could debate whether the petition should have been resolved in a different manner or the issue presented deserves encouragement to proceed. Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that the petition should be dismissed without prejudice for failure to exhaust state court remedies, and there is no novel issue presented that should be addressed on appeal.

**IV.   CONCLUSION**

Petitioner presents only unexhausted claims in his habeas petition, and the claims are not clearly procedurally defaulted under state law. Therefore, the Court will dismiss the habeas petition without prejudice.

There is a one-year statute of limitations for § 2254 habeas claims. See 28 U.S.C. § 2244(d). Petitioner's state court judgment became final 90 days after the New Jersey Supreme Court denied review, on October 9, 2014. See Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999) ("[u]nder § 2244(d)(1)(A), a state court criminal judgment becomes final, and the statute of limitations

8

begins to run, at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires") (internal quotation omitted).

Filing a federal habeas petition does not toll the one-year statute of limitations. Duncan v. Walker, 533 U.S. 167, 172 (2001). Thus, Petitioner should be advised that his one-year period to file a habeas petition began to run on October 9, 2014, and the limitations period continues to run. If Petitioner properly files an application for State post-conviction or other collateral review, the limitations period will be tolled until those proceedings are final. See 28 U.S.C. § 2244(d)(2). If the limitations period is tolled by post-conviction proceedings, the one-year period does not restart when the post-conviction proceedings are final. See Holland v. Florida, 560 U.S. 631, 638 (2010) (statute of limitations began to run after final post-conviction proceeding "with 12 days left on the 1-year meter.") Thus, petitioner will have only what remains of the one-year period, measured at the time he files a proper petition for post-conviction or other collateral relief, to bring a timely § 2254 habeas petition after exhausting his state court remedies.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: August 25, 2015

9